No. 285 May 1, 2024 407

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHAD AUSTIN HADLEY,
*Plaintiff-Respondent,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CV38588; A175798

Eva J. Temple, Judge.

Argued and submitted March 28, 2023.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Jedediah Peterson argued the cause for respondent. Also on the brief was O'Connor Weber, LLC.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff, an adult in custody at Two Rivers Correctional Facility, petitioned for habeas corpus relief, alleging that defendant-superintendent failed to provide constitutionally adequate treatment for chronic back pain. After a one-day trial, the trial court granted relief, concluding that plaintiff was imprisoned or restrained illegally and ordering defendant to provide specific medical tests and procedures to treat plaintiff's back pain. On appeal, defendant's challenge is narrow: Acknowledging that plaintiff has a serious medical need, defendant asserts in a single assignment of error that the trial court erred in applying a "community standard of care" instead of the "deliberate indifference" standard applicable to a medical habeas claim. Plaintiff agrees that the "deliberate indifference" standard applies but remonstrates that the trial court did not err. In plaintiff's view, although the court referenced the community standard of care in its factual findings, both parties' arguments referenced the "deliberate indifference" standard, and the court did not refer to the community standard of care in its legal conclusions. As explained below, we reverse and remand.

We review whether a trial court applied the correct legal standard for errors of law. *See Billings v. Gates*, 323 Or 167, 180, 916 P2d 291 (1996) (applying standard); *see also Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that "whether a trial court applied the correct substantive standard to guide its decision is a question of law" that is reviewed for legal error). Because the parties are familiar with the underlying factual and procedural history, we do not provide a detailed recitation for this nonprecedential memorandum opinion.

To sustain a medical habeas claim under Article I, section 16, of the Oregon Constitution and under the Eighth Amendment to the United States Constitution, a plaintiff must allege that the plaintiff "has a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the [plaintiff's] serious medical needs." *Billings*, 323 Or at 181 (adopting the federal standard set forth in *Estelle*

*v. Gamble*, 429 US 97, 106, 97 S Ct 285, 50 L Ed 2d 251 (1976)). Deliberate indifference "constitutes the unnecessary and wanton infliction of pain" by prison officials in their response to an adult in custody's serious medical needs or by corrections officers intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment. *Billings*, 323 Or at 181. A plaintiff must show "more than an honest difference of medical opinion about [the] correct diagnosis and necessary treatment." *Id*. Therefore, the trial court in this case had to determine whether plaintiff had a "serious medical need" and whether defendant was "deliberately indifferent" to that need.

    In granting habeas relief, the trial court made several findings, including that plaintiff suffers from chronic back pain and that the treatments provided by defendant have not been effective in diagnosing or treating the pain.[1] The court found that plaintiff's expert witness "testified regarding the community standard of medical care in regard to lower back pain" and that defendant's refusal to have a specialist evaluate plaintiff's pain and refusal to provide an MRI "does not meet the community standard for the medical care in plaintiff's circumstances." The court further found that defendant "did not present testimony regarding the appropriate standard of care nor did [defendant] present evidence it was in compliance with the community standard of care." Finally, the court concluded that plaintiff was "imprisoned or restrained illegally" and ordered defendant to provide various medical procedures to plaintiff.

    After reviewing the parties' arguments on appeal, we conclude that the trial court applied an incorrect legal standard. That is, although the court referenced the "community standard of care" multiple times in the judgment, it did not reference the "deliberate indifference" standard in

---

[1] After defendant filed the notice of appeal in this case, the trial court issued two amended judgments clarifying its ruling. However, the Appellate Commissioner determined that, because defendant had already filed the notice of appeal, the trial court did not have jurisdiction to make the substantive amendments that it attempted to make to the judgment. Accordingly, the Appellate Commissioner vacated the operative amended judgment and then dismissed the appeal from that amended judgment (the earlier amended judgment had already been vacated by the trial court). This appeal is from the original judgment entered on April 1, 2021.

any part of the judgment. Moreover, the court's reasoning does not suggest that it applied *Billings* or any other case using the deliberate indifference standard; rather, the court highlighted the community standard of care evidence and specifically noted that defendant did not present evidence that the care complied with that standard of care. Although the community standard of care may be relevant in a medical habeas case, the trial court's reasoning does not address whether plaintiff suffered "unnecessary and wanton infliction of pain" by prison officials as *Billings* requires. Although both parties' arguments before the trial court included the deliberate indifference standard, the trial court did not apply that standard in rendering the judgment. Accordingly, we reverse and remand to allow the trial court to apply the correct legal standard to plaintiff's medical habeas claim at the time of a new trial. *See Woodroffe v. Nooth*, 257 Or App 704, 711, 308 P3d 225, *rev den*, 354 Or 491 (2013) (explaining that, under ORS 34.362(2), "the proper temporal benchmark for assessing deliberate indifference is at the time that the habeas claim is adjudicated" (emphasis omitted)).

Reversed and remanded.